## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RESCO HOLDINGS L.L.C; RUST ENGINEERING & CONSTRUCTION INC.; AND WHEELABRATOR TECHNOLOGIES HOLDINGS, INC.,

                    Petitioners,

     v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,

                    Respondent.

Case No. _____

## PETITION TO STAY ARBITRATION

1.      Petitioners Resco Holdings L.L.C. ("Resco"), Rust Engineering & Construction Inc. ("Rust Engineering"), and Wheelabrator Technologies Holdings, Inc. ("Wheelabrator," and, collectively with Resco and Rust Engineering, the "Petitioners") seek an order from this Court pursuant to the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*), New York C.P.L.R. § 7503, and Federal Rule of Civil Procedure 65 enjoining Respondent National Union Fire Insurance Company of Pittsburgh, PA ("National Union") from seeking to arbitrate an alleged dispute between the parties and staying the arbitration proceedings National Union has attempted to initiate.

2.      On September 20, 2019, National Union served Resco, Rust Engineering, and Wheelabrator with an Amended Demand for Arbitration (the "Demand"). A true and accurate copy of the Demand is attached hereto as Exhibit A.

3.      By way of the Demand, National Union is attempting to initiate an arbitration to collect approximately $3.7 million under contracts signed with certain predecessors of Resco and Wheelabrator. The Demand includes no information about the basis for National Union's claims

or any supporting documentation substantiating National Union's claim that Resco, Rust Engineering, and Wheelabrator owe it some $3.7 million. Nor has National Union provided any such information or documents in response to repeated requests.

4.     National Union's claims are not arbitrable under the limited arbitration agreements to which the parties agreed. Accordingly, the Petitioners bring this Petition to stay the arbitration and enjoin National Union from further prosecuting the arbitration.[1]

PARTIES

5.     Resco is a Delaware limited liability company with its principal place of business in Houston, Texas. Resco's sole member is Waste Management Holdings, Inc., a Delaware corporation with its principal place of business in Houston, Texas.

6.     Rust Engineering is a Delaware corporation with its principal place of business in Houston, Texas.

7.     Wheelabrator is a Delaware corporation with its principal place of business in Portsmouth, New Hampshire.

8.     Upon information and belief, National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between National Union—a citizen of Pennsylvania and New York—on

---

[1] Petitioners' request for relief seeks to stay and enjoin the arbitration based on 9 U.S.C. § 1 *et seq.* and New York C.P.L.R. § 7503, and the allegations in this Petition are accordingly tailored to such relief. Petitioners reserve their right to raise substantive defenses to the allegations underlying National Union's demand in an appropriate forum if and when National Union sets forth those allegations in sufficient detail and with appropriate supporting documentation.

the one hand, and the Petitioners—citizens of Delaware, Texas, and New Hampshire—on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 4, a party should bring a petition to enjoin arbitration in the district in which the parties' relevant contracts contemplate arbitration. The parties to the relevant contracts agreed to bring any arbitration of disputes falling within the terms of the contracts' arbitration clauses in New York, New York.

FACTS

11.     On or about April 1, 1986 and April 1, 1987, National Union issued a series of policies to Wheelabrator, then known as The Henley Group, Inc., and Resco, then known as Wheelabrator Technologies, Inc. Those policies included GLA 157-9120, in force from April 1, 1986 to April 1, 1987, and GLA 197-9400, in force from April 1, 1987 to April 1, 1988 (collectively, the "Policies").

12.     The Policies provided, among other coverages, general liability and property damage protection for Wheelabrator, Resco, and their various subsidiaries and affiliates, including, but not limited to, Swindell-Dressler International Company ("SDIC").

13.     On or about April 1, 1986, Wheelabrator, then known as The Henley Group, Inc., entered into an indemnity agreement with National Union and certain of its affiliates (the "1986 Indemnity Agreement"). A true and accurate copy of the 1986 Indemnity Agreement is attached hereto as Exhibit B.

14.     On or about April 1, 1987, Resco, then known as Wheelabrator Technologies, Inc., entered into an indemnity agreement with National Union and certain of its affiliates (the "1987 Indemnity Agreement"). A true and accurate copy of the 1987 Indemnity Agreement is attached hereto as Exhibit C.

15.     The 1986 Indemnity Agreement and the 1987 Indemnity Agreement were part of a complex insurance program entered into between Wheelabrator, Resco, and National Union and its affiliates. Under the program and pursuant to the indemnity agreements, Resco and Wheelabrator agreed to indemnify National Union and its affiliates for certain claims under specific circumstances and policies and in amounts set forth in the agreements for payments made by National Union under multiple insurance policies, including but not limited to the Policies.

16.     The 1986 Indemnity Agreement and 1987 Indemnity Agreement each contain an arbitration provision under which the parties agreed that "[a]ll disputes or differences arising out of the interpretation of this Agreement shall be submitted to the decision of two (2) Arbitrators." 1986 Indemnity Agreement, Article VIII; 1987 Indemnity Agreement, Article VIII.

17.     On or about May 10, 2019, counsel for National Union sent a letter to counsel for Resco and Rust Engineering—but not to Wheelabrator—stating that National Union had "made substantial indemnity and expense payments" under the Policies related to asbestos-related claims brought against SDIC, an entity with which the Petitioners were last affiliated in October 1991. National Union's counsel went on to state that National Union was "preparing a detailed invoice for the amounts currently owed by Resco." A true and accurate copy of this letter is attached hereto as Exhibit D.

18.     On or about July 22, 2019, counsel for National Union sent a second letter to counsel for Resco and Rust Engineering—but not to Wheelabrator—enclosing a six-line invoice for $3,696,431.44. A true and accurate copy of this letter and invoice is attached hereto as Exhibit E.

19.     In its July 22, 2019, letter, National Union claimed that it had paid $3,696,431.44 in relation to SDIC's asbestos-related claims under the Policies. The July 22 letter also enclosed

a document titled "Demand for Arbitration" directed to Resco and Rust Engineering—but not to Wheelabrator—invoking the arbitration provisions of the 1986 Indemnity Agreement and the 1987 Indemnity Agreement.

20.     On August 12, 2019, Resco and Rust Engineering responded to National Union's July 22 letter and "Demand for Arbitration." A true and accurate copy of this correspondence is attached hereto as Exhibit F.

21.     Resco and Rust Engineering's response stated that the demand was substantively and procedurally improper, as: (i) it was not served on Resco's or Rust Engineering's statutory agent or directed to the address listed in the 1986 Indemnity Agreement or the 1987 Indemnity Agreement; (ii) neither Resco nor Rust Engineering were affiliated with or could act on behalf of Wheelabrator, the party to the 1986 Indemnity Agreement; (iii) Rust Engineering was not a party to either agreement; (iv) National Union's "Demand for Arbitration" lacked the language man-dated by New York C.P.L.R. § 7503; and (v) the Demand for Arbitration was premature in that there was currently no "dispute" between the parties, as Resco lacked the information necessary to evaluate its alleged obligations under the 1987 Indemnity Agreement purportedly related to SDIC, an entity with which it had no corporate connection after October 1991. Resco and Rust Engineering's response requested additional information to assist with their evaluation of Na-tional Union's demand.

22.     On August 26, National Union's counsel sent a letter to Resco and Rust Engineer-ing's counsel threatening to seek judicial intervention on its defective and premature original ar-bitration demand, and without addressing Resco and Rust Engineering's information request. That same day, in response, Resco and Rust Engineering's counsel sent a second request for ad-

ditional information. A true and accurate copy of the letter and response are attached hereto as Exhibits G and H. National Union never responded.

23.     Instead, on September 20, 2019, National Union served the Demand on Resco, Rust Engineering, and Wheelabrator via their registered agents. Although National Union corrected some of the deficiencies identified by counsel for Resco and Rust Engineering, National Union failed to address Resco and Rust Engineering's repeated requests for additional information.

24.     National Union never provided any information or supporting documentation to substantiate the bare-bones, six-line invoice it had sent to Resco and Rust Engineering two months earlier. In fact, National Union omitted the invoice from the Demand entirely.

25.     On October 2, 2019, counsel for Resco and Rust Engineering sent yet another request for an update on the status of National Union's response to the August 12 information request. A true and accurate copy of that letter is attached hereto as Exhibit I. To date, National Union has failed to provide any of the information requested and has given no indication that it intends to supplement its six-line invoice.

26.     National Union's Demand is still improper in several respects under both New York C.P.L.R. § 7503 and the Federal Arbitration Act, including, but not limited, to:

a.     Rust Engineering has no relation to the SDIC claims and, thus, has no agreement to arbitrate any dispute regarding them with National Union.

b.     The arbitration clauses in the 1986 Indemnity Agreement and 1987 Indemnity Agreement require the parties subject to those agreements to arbitrate "disputes or differences." As of the date of this Petition, National Union has failed to provide any information that would allow Wheelabrator or Resco to evaluate its demand,

6

and Wheelabrator and Resco are thus unable to determine if a "dispute" or "difference" even exists or, if there are disputes, what the nature of those disputes might be.

c.      The "disputes or differences" subject to arbitration are limited by the narrow provisions in the relevant agreements to those involving the "interpretation" of the agreements. Wheelabrator and Resco have made an entirely reasonable decision not to immediately remit almost $3.7 million to National Union based on a single piece of paper with no supporting documentation. National Union has failed to substantiate its claim for payment or to respond at all to reasonable requests for information about National Union's claim. National Union has identified no "interpretation" of the indemnity agreements on which its claim for payment is based, which does not even allow Resco and Wheelabrator to evaluate whether or not they agree or disagree with any supposed "interpretation." Accordingly, even if it were determined that "disputes or differences" presently exist within the meaning of that phrase in the relevant arbitration clauses, such "disputes or differences" do not, at this time, involve any "interpretation" of the agreements and are not arbitrable.

## REQUEST FOR INJUNCTIVE RELIEF

27.     Given the multiple defects in National Union's Demand, this Court should stay the arbitration proceedings pursuant to New York C.P.L.R. § 7503 and the Federal Arbitration Act.

28.     Unless National Union is enjoined from pursuing its claims in arbitration, Resco, Rust Engineering, and Wheelabrator will suffer irreparable harm because they will be forced to

enter into an arbitration process where there is no dispute ripe for resolution, to arbitrate matters that the parties did not agree to arbitrate, and—in Rust Engineering's case—to enter into an arbitration regarding claims with which it has no connection and which it has never agreed to arbitrate with anyone.

29.     Further, if the arbitration is not stayed, Resco, Rust Engineering and Wheelabrator will incur the substantial time and expense in defending themselves in the arbitration proceeding or risk an adverse outcome in those proceedings. Being compelled to arbitrate a matter in which there is no dispute and where the parties have not agreed to arbitrate constitutes irreparable harm.

30.     Here, the balance of the equities tips decidedly in Resco, Rust Engineering, and Wheelabrator's favor.

31.     By reason of the foregoing, this Court should issue an order staying the arbitration of the dispute between the parties and enjoining National Union from prosecuting the arbitration any further.

### PRAYER FOR RELIEF

WHEREFORE, Resco, Rust Engineering, and Wheelabrator respectfully request that this Court:

A.     Stay the arbitration proceedings initiated by National Union's Demand;

B.     Enjoin National Union from prosecuting arbitral proceedings against Resco, Rust Engineering, and Wheelabrator; and

C.     Award Resco, Rust Engineering, and Wheelabrator the costs and fees associated with the prosecution of this action, including reasonable attorneys' fees, together with such other, further, or different relief as this Court deems just and proper in the circumstances.

Dated:  October 10, 2019
New York, N.Y.

Respectfully submitted,

/s/ *David D.F. Lawrence*
David D.F. Lawrence, Esq.
Durkin & Durkin, LLC
80 Broad Street
5th Floor
New York, NY 10004


Attorneys for Petitioners Resco Holdings
L.L.C. and Rust Engineering & Construction
Inc.

/s/ *Joshua N. Ruby*
Stanley K. Shapiro, Esq.
225 Broadway, Suite 1803
New York, New York 10007
(212) 693-1076

Joshua N. Ruby, Esq.
DONNELLY, CONROY & GELHAAR,
LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

Attorneys for Petitioner Wheelabrator Tech-
nologies Holdings, Inc.


*1075211 v.5*